Magistrate Judge Paula L. McCandlis

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> JOEL VASQUEZ VENTURA <br><br> Defendant. | CASE NO.   MJ25-204 <br><br> COMPLAINT for VIOLATION <br><br> Title 8, U.S.C., Section 1326(a) |

BEFORE PAULA L. MCCANDLIS, United States Magistrate Judge, U.S. Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

### COUNT ONE

**(Reentry of Removed Alien)**

On April 2, 2025, in Whatcom County, within the Western District of Washington, JOEL VASQUEZ VENTURA, an alien, a native and citizen of Mexico, was found in the United States after having been removed therefrom, and after knowingly and voluntarily reentering the United States without having obtained the express consent of the Attorney General and the Secretary of the Department of Homeland Security to reapply for admission to the United States.

Complaint
*United States v. Vasquez Ventura* - 1
USAO # 2025R00433

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

All in violation of Title 8, United States Code, Section 1326(a).

And the complainant states that this Complaint is based on the following information:

I, Special Agent Jordan Dolan, being first duly sworn on oath, depose and say:

## INTRODUCTION

1.  I am a Special Agent with Homeland Security Investigations (HSI). As a Special Agent, I am empowered by law to investigate and to make arrests for offenses enumerated in Title 8 of the United States Code. I have been a Special Agent with HSI since February 21, 2016. I was trained to conduct investigations relating to violations of federal law through attending the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training Program at the Federal Law Enforcement Training Centers (FLETC) in Glynco, Georgia. While at FLETC, I received nearly 1000 hours of training in such areas including, but not limited to criminal law, human smuggling/trafficking investigations, and criminal procedures. I was trained to conduct investigations relating to violations of Title 8 of the United States Code.

2.  Prior to being a Special Agent with HSI, I was employed as a Border Patrol Agent (BPA) with the United States Border Patrol (USBP), from September 1999 to May 2005. As a BPA, I conduced criminal investigations focusing on the entry without inspection and illegal re-entry of undocumented aliens as well as human smuggling of undocumented aliens across the United States border with Mexico.

3.  The facts set forth in this Affidavit are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this investigation, including other law enforcement personnel; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience. This Affidavit is intended to merely show there is

Complaint
*United States v. Vasquez Ventura* - 2
USAO # 2025R00433

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sufficient probable cause for the above charge and does not set forth all my knowledge about this matter.

4. As further detailed below, based on my investigation and the investigation of other law enforcement officers, I submit there is probable cause to believe that Joel VASQUEZ VENTURA, who was previously removed from the United States, was found in the United States after knowingly and voluntarily reentering the United States without prior authorization to do so.

## SUMMARY OF PROBABLE CAUSE

5. United States Citizenship and Immigration Services (USCIS) maintains an alien registration administration file, commonly referred to as an "A-file," A205-256-363, on Joel VASQUEZ VENTURA (hereinafter "VASQUEZ VENTURA"). This file is the official immigration file maintained by USCIS and is a consolidated repository of all known immigration contacts with VASQUEZ VENTURA. It contains documents pertaining to his identity and alienage and shows that he is a native and citizen of Mexico.

6. VASQUEZ VENTURA's A-File contains official immigration records of the Department of Homeland Security. These records reflect that VASQUEZ VENTURA was removed from the United States to Mexico on the following dates and locations:

    a. On March 21, 2012, VASQUEZ VENTURA was ordered removed from the United States through an expedited order of removal. On March 21, 2012, he was physically removed to Mexico, on foot, through Nogales, Arizona.

    b. On October 22, 2013, the U.S. Border Patrol apprehended VASQUEZ VENTURA near Pisinemo, Arizona. His 2012 removal order was reinstated, and on January 21, 2014, VASQUEZ VENTURA was physically removed from the United States to Mexico by airline through from El Paso, Texas.

Complaint  
United States v. Vasquez Ventura - 3  
USAO # 2025R00433

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

c. On April 13, 2014, the U.S. Border Patrol apprehended VASQUEZ VENTURA near Columbus, New Mexico. His 2012 removal order was reinstated, and on May 13, 2014, VASQUEZ VENTURA was physically removed from the United States to Mexico, on foot, through El Paso, Texas.

d. On June 3, 2014, the U.S. Border Patrol apprehended VASQUEZ VENTURA near Rodeo, New Mexico. His 2012 removal order was reinstated, and on October 28, 2014, VASQUEZ VENTURA was physically removed from the United States to Mexico, on foot, through El Paso, Texas.

7. The above-mentioned removal records each bear the fingerprint, photograph, and signature of VASQUEZ VENTURA as physical proof of his deportation from the United States to Mexico.

8. VASQUEZ VENTURA's A-file also contains records relating to his criminal history that reflect the following:

a. On March 21, 2012, VASQUEZ VENTURA was convicted in the U.S. District Court, District of Arizona, of one count of 8 U.S.C. 1325, Illegal Entry into the United States, and was sentenced to time served (two days) (Case No. 12-CR-23896MP).

b. On October 24, 2013, VASQUEZ VENTURA was convicted in the U.S. District Court, District of Arizona, of 8 U.S.C. 1325, Illegal Entry into the United States, and was sentenced to 75 days of imprisonment (Case No. 13-CR-33746M).

c. On May 7, 2014, VASQUEZ VENTURA was convicted in the U.S. District Court, District of New Mexico, of 8 U.S.C. § 1326, Reentry of a Removed Alien, and was sentenced to one month of imprisonment (Case No. 14-CR-01299).

Complaint  
United States v. Vasquez Ventura - 4  
USAO # 2025R00433

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

9. On February 26, 2025, Homeland Security Investigations (HSI) Blaine, Washington served a Notice of Inspection (NOI) and administrative subpoena to the owner of Mt. Baker Roofing at 928 Thomas Rd, Bellingham, WA 98226. The NOI and subpoena requested Employment Eligibility Verification forms (I-9s) and identification documents for each employee.

10. On March 4, 2025, HSI received I-9s and identification documents for the employees at of Mt. Baker Roofing. Among those I-9 forms, HSI agents located a I-9 with VASQUEZ VENTURA's name and known date of birth. Accompanying the I-9 was photocopy of Permanent Resident Alien card ("LPR card") that displayed VASQUEZ VENTURA's biographical information.

11. HSI agents conducted DHS systems and databases checks that showed that VASQUEZ VENTURA was not, and had never been, a legal permanent resident, and that he had previously removed from the United States on four occasions.

12. On April 2, 2025, HSI, Enforcement and Removal Operations (ERO) officers, United States Border Patrol (USBP) agents, and Customs and Border Protection (CBP) officers executed a federal search warrant at Mt. Baker Roofing in Bellingham, Washington. During the warrant execution, Agents questioned VASQUEZ VENTURA, and he admitted to being a citizen of Mexico with no legal documentation to remain in the United States. VASQUEZ VENTURA was then placed under arrest for immigration violations and transported to HSI Ferndale for further interviewing and processing.

13. At HSI Ferndale, HSI agents took VASQUEZ VENTURA's biographical information including his photograph, fingerprints, name, and date of birth. HSI agents submitted this information through the Immigration and Customs Enforcement (ICE) computer systems. These systems indicated an automatic biometric fingerprint match to VASQUEZ VENTURA, assigned A-file A205-256-363. DHS systems checks also showed that A-file A205-256-363 contained evidence of VASQUEZ VENTURA's immigration history into the United States, mentioned above.

Complaint
*United States v. Vasquez Ventura* - 5
USAO # 2025R00433

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       14.    On March 24, 2025, USCIS provided HSI with a Certificate of Nonexistence of Record, certifying that VASQUEZ VENTURA has never applied for permission to reapply for admission into the United States after his removal to Mexico on March 21, 2012.

      15.    I also have conducted a complete and thorough review of VASQUEZ VENTURA's A-File A205-256-363. VASQUEZ VENTURA's A-File contains no evidence that VASQUEZ VENTURA has ever applied for or received permission from the Attorney General or the Secretary of the Department of Homeland Security to reenter the United States after being removed.

      16.    Based on the foregoing, I have probable cause to believe that VASQUEZ VENTURA was found in the United States, after knowingly and voluntarily reentering the United States without the express consent of the Attorney General and the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a).

//
//
//

Complaint
*United States v. Vasquez Ventura* - 6
USAO # 2025R00433

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CONCLUSION**

17. Based on the above facts, I respectfully submit that there is probable cause to believe that Joel VASQUEZ VENTURA has committed the aforementioned offense.

                                              Jordan Dolan, Complainant
Special Agent, Homeland Security Investigations

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit. Based on the Complaint and Affidavit, the Court hereby finds there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 10th day of April 2025

                                              HON. PAULA L. MCCANDLIS
United States Magistrate Judge

Complaint
United States v. Vasquez Ventura - 7
USAO # 2025R00433

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970